```
                                                  FILED
                                              2004 MAR -4  A 9: 45

                                              U.S. DISTRICT COURT
             UNITED STATES DISTRICT COURT     HARTFORD, CT.
                   DISTRICT OF CONNECTICUT
```

MICHAEL G. REAGAN                    CIVIL CASE NO. 3:02 CV 627 (CFD)
    Plaintiff

VS.

FOX NAVIGATION, LLC                  MARCH 3, 2004
    Defendant

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO ENLARGE TIME

Plaintiff hereby moves this Court for an order enlarging the time to conduct written discovery and depositions under the following new deadlines:

1. Requests for Admissions to be Answered by April 1, 2004.
2. Depositions of fact witnesses to be completed by June 1, 2004.
3. Deposition of expert witnesses to be completed by July 15, 2004.

### A. Introduction

In support of this motion, the plaintiff hereby represents the following:

1. This matter for personal injuries based upon the Jones Act was filed in state court on March 6, 2002. It was removed to this court on April 9, 2002.

2. On May 17, 2002, the Form 26(f) Report of Party Planning Meeting was filed.

3. On July 29, 2002 this matter was referred to the Honorable William I. Garfinkel, U.S. Magistrate Judge.

ORAL ARGUMENT REQUESTED/
TESTIMONY NOT REQUIRED

4. A Status/Settlement Conference was held on November 22, 2002.

5. Parties' Joint Status Report was filed on January 29, 2003.

6. The court ordered a medical examination of the plaintiff by a doctor for the defendant.

7. On July 14, 2003 this Court again referred this case to the Honorable William I. Garfinkel, U.S. Magistrate Judge.

8. On July 29, 2003, the plaintiff filed a Motion for Enlargement of Time to Comply with Court's Order. Said motion was thereafter granted nunc pro tunc on February 2, 2004.

8. A Calendar and Status/Settlement Conference with the Magistrate Judge was held on October 28, 2003.

9. When the plaintiff's motion of July 29, 2003 was granted (see #8 above), this Court ordered a telephone status conference to be held on February 12, 2004. At that time, the Magistrate Judge ordered that this motion be filed by March 4, 2004 with a responsive brief due on March 19, 2004.

## B. Argument

This Court may grant a request for an extension of time filed after the deadline if the motion to enlarge time shows proof of good cause and the failure to act timely was

the result of excusable neglect. Fed. R. Civ. P. 6(b)(2); *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 558 (7th Cir. 1996). In determining whether there is excusable neglect, the court should consider the following: (1) the prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001); *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993).

The parties have been referred not once but twice since the filing of this case to the Magistrate Judge for settlement purposes. The most recent conference was held in February at which time the deadlines for filing of this motion and a response by the defendant were set.

In accordance with Fed. R. Civ. P. 26(b)(1):

> "For good cause shown, the court may order discovery of any matter relevant to the subject matter involved in this action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Parties have been advised that this matter will not even be considered for a firm trial date assignment sometime in the future until June of 2004. In addition, this request

for extension has been pursued seeking additional discovery time since the summer of 2003. No prejudice results and defendant claims no prejudice. In addition, the witnesses to be deposed may shorten the length of the trial.

Further, the court in accordance with Fed. R. Civ. P. 26(b)(2) "may limit discovery if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or

iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c)."

To the contrary, the additional discovery needed by the plaintiff is neither cumulative or duplicative, it cannot be obtained from another source, the plaintiff needs more time to conduct discovery and the benefit of the additional discovery to the prosecution of this matter is no burden upon this Court or the defendant.

WHEREFORE, the plaintiff moves this Court for an order enlarging the time to conduct additional discovery for the following reasons:

a. The defendant will not be prejudiced by the enlargement of time.

b. The delay to date has not been unreasonable. The plaintiff had sought additional time to bring such a motion, and that motion had only recently been acted upon by this court. In fact, the court gave the plaintiff until March 4, 2004 to bring this very motion.

c. The potential impact of the delay on judicial proceedings does not exist. The court has represented to the parties that it will be some time before the matter is set for a firm trial date.

d. The reason for the delay since last July, 2003 is that counsel for the plaintiff was attempting to obtain defendant's consent when he filed his motion on July 29, 2003.

e. The plaintiff has acted in good faith.

THE PLAINTIFF
Michael Reagan

By: _____
Matthew Shafner (#ct06610)
O'BRIEN, SHAFNER, STUART,
KELLY & MORRIS, P.C.
P.O. Drawer 929
Groton, CT  06340
Phone: (860)445-2463
Fax: (860)445-4539
E-mail: osskmms@snet.net

## CERTIFICATION

I hereby certify that a copy of the foregoing **Plaintiff's Memorandum in Support of Motion to Enlarge Time** has been mailed to all counsel and pro se parties of record on this the 3rd day of March, 2004 as follows:

<u>Via Facsimile (203)254-1641</u>
Atty. Kevin J. Lennon
Tisdale & Lennon, LLC
10 Spruce St.
Southport, CT   06490

_____
Matthew Shafner (ct #06610)
O'BRIEN, SHAFNER, STUART,
KELLY & MORRIS, P.C.
P.O. Drawer 929
Groton, CT   06340
Phone: (860)445-2463
Fax: (860)445-4539
E-mail: osskmms@snet.net