UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

-----------------------------------------------------X

MICHAEL G. REAGAN,                      :

2004 MAR 22  ⊒ I: 2 I

      Plaintiff,                       :        NO. 3:02 CV 627 (CFD)(WIG)

      -against-                        :

FOX NAVIGATION, LLC,                    :

      Defendant.                       :

-----------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME

### PRELIMINARY STATEMENT

Plaintiff's motion seeks an enlargement of time to conduct written discovery and take

depositions. For the sake of context, the original deadline agreed by the parties in a Report of

Planning Meeting was October 9, 2002. The Court adopted the parties' Report, which had been

submitted in accordance with Fed. R. Civ. P. 16(b) and 26(f) and D. Conn. L. Civ. R. 26(f). A

copy is attached hereto as Exhibit 1 (see § 5(E)(2) for deadline). Plaintiff now seeks an

unreasonable and unfounded extension of the operative deadline as follows:

      Requests for Admissions:      April 1, 2004 (18 month extension);

      Fact Witnesses:      June 1, 2004 (20 month extension); and

      Expert Witnesses:      July 15, 2004 (21 month extension).

Incredibly, the 6 month period of time for discovery set forth in the Order on Pre-Trial

Deadlines, and embodied within the scheduling order approved by the Court, is sought to be

expanded nearly four-fold to accommodate Plaintiff.

While each party engaged in written discovery during the period permitted,

Plaintiff failed to notice any depositions. Plaintiff also failed to timely serve a Request for

Admission. In contrast, Defendant conducted Plaintiff's deposition, on two separate days due to

Plaintiff's inability to continue the first deposition, and also examined Plaintiff's liability expert

witness. Importantly, there has been no impediment to Plaintiff obtaining discovery in this case

within the agreed time frame to justify Plaintiff's motion to enlarge time.

## ARGUMENT

### A.     The Standard for Enlargement of Time or Extension of Time

Fed. R. Civ. P. 6(b)(2) governs enlargements of time and states, in relevant part, as

follows:

> When ... by order of court an act is required or allowed to be done at or within a
> specified time, the court for cause shown may at any time in its discretion ... upon
> motion made after the expiration of the specified period permit the act to be done
> when the failure to act was the result of excusable neglect ...

*Id.* Missed court-ordered deadlines due to inadvertence, ignorance of the rules, or by

mistake do not rise to the level of excusable neglect. See Davidson v. Keenan, 740 F.2d

129, 132 (2d Cir. 1982). It is wholly within the discretion of the district court to ascertain

if the proffered rationale for non-compliance with a scheduling order is excusable for

good cause shown. See Lujan v. National Wildlife Fed., 497 U.S. 871, 895-98 (1990).

Under the local rules, a party must show good cause by way of a "particularized showing

that the time limitation in question cannot (could not) be reasonably met despite the

diligence of the party seeking the extension." See D. Conn. L. Ct. R. 9(B)(2). Thus,

good cause requires a greater showing than excusable neglect. Here, Plaintiff should be

required to show the diligence he exerted, and further, that despite such diligence, he was

2

nevertheless unable to obtain discovery within the scheduled deadline.  Plaintiff

completely avoids the topic of diligence for obvious reason.  Plaintiff failed to exercise

any diligence in seeking the requested discovery.

Plaintiff's motion might more properly be construed as a motion for an extension

of time to the scheduling order under Fed. R. Civ. P. 16(b).  Extensions of time under

Rule 16(b) are permitted for "good cause" only.  See Grochowski v. Phoenix

Construction, 318 F.3d 80, 86 (2d Cir. 2003).  "Under Rule 16(b) a court may exercise its

discretion to deny an amendment because of the moving party's undue delay, bad faith or

dilatory motive, repeated failure to cure deficiencies by previously allowed amendment,

undue prejudice to the opposing party or futility of the amendment."  See Bayonne v.

Pitney Bowes, Inc., 2004 U.S. Dist. LEXIS 602, *3 (D. Ct. 2004) quoting Parker v.

Columbia Picture Indus., 204 F.3d 326, 339-40 (2d Cir. 2000).

**B.      Plaintiff's Motion Fails to Show Good Cause
          or Excusable Neglect and Thus Should be Denied**

In support of his motion the Plaintiff does not offer any explanation for his failure.

Instead, he unconvincingly points to the fact that the parties have twice appeared before

Magistrate Judge Garfinkel for settlement conferences.  In so doing, the Plaintiff

conveniently fails to mention that each of these conferences were conducted after the

expiration of the discovery deadlines that Plaintiff now seeks to extend.  The first

settlement conference was held on November 22, 2002; the second settlement conference

was held on October 28, 2003.  Therefore, there is no connection between the settlement

conferences and the Plaintiff's motion.

3

Plaintiff cites Fed. R. Civ. P. 26(b)(1) in an apparent attempt to show that the discovery sought by Plaintiff might be deemed relevant to the subject matter involved in the action. However, even this Rule presupposes limitation on discovery if "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." See Fed. R. Civ. P. 26(b)(2)(ii). Moreover, relevance of the discovery sought is not the issue before the Court. Rather, Plaintiff is required to establish the necessary predicate to allow the Court to grant an enlargement of time well past the agreed deadlines. Plaintiff's attempt to shift the Court's attention away from the pertinent inquiry should be ignored. Whether evidence is cumulative or duplicative is not germane to this motion and is an issue to be resolved on a motion in limine or during trial.

**C.     Plaintiff's Cited Authority Does Not Support Plaintiff's Motion**

The caselaw cited by Plaintiff in support of his motion undercuts his position. Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 548 (7th Cir. 1996) involved a §1983 civil rights lawsuit. Following dismissal of plaintiff's case, the district court denied plaintiff's motion for reconsideration under Fed. R. Civ. P. 60(b). However, upon appeal, the Seventh Circuit found that the district court's earlier *sua sponte* decision to allow the defendant additional time to file an answer to the plaintiff's complaint, granted without the requisite showing of excusable neglect, coupled with the district court's other failings, "constitutes the extraordinary circumstances required for Rule 60(b) relief." Id. In so ruling the Seventh Circuit reiterated that "[t]he requirement that parties who simply ignore deadlines make a showing of excusable neglect should be taken seriously by the

4

district courts, precisely because of the prejudice to the other party, exemplified here, which may result from untimely filings." Id.

Yesudian v. Howard Univ., 270 F.3d 969 (D.C. Cir. 2001) dealt with a suit for breach of contract and retaliation under the False Claims Act. The court accepted late filings on behalf of one defendant upon a showing of excusable neglect since plaintiff admitted she had not been prejudiced, the delay was brief and the court explained that although there was no finding of excusable neglect, the error was explained as innocent. The case did not involve an extension of time to seek additional discovery.

MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086 (3rd Cir. 1995) likewise did not involve a motion for an extension of time to seek additional discovery. There, the Third Circuit determined that there was no good cause which excused plaintiff's late service of the complaint. The court explained that the analysis required "some reasonable basis for noncompliance within the time specified in the rules." Id. at 1097. It further commented that "... while prejudice may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. Plaintiff was saved by the proverbial bell as a result of the amendment of F. R. Civ. P. 4(j) and its retroactive effect to plaintiff's late service.

Finally, the Supreme Court's decision in Pioneer Investment Services Co. v. Brunswick Assoc. Ltd., 507 U.S. 380 (1993) dealt with permission granted a claimant to file a late claim in bankruptcy. The Court's decision was not based upon an analysis of either Fed. R. Civ. P. 6(b) or 16(b), but rather Bankruptcy Rule 9006(b)(1) which required a showing of excusable neglect. While not precisely on point to the issue before

5

this Court, the Supreme Court agreed with the Sixth Circuit's judgment that

determination of excusable neglect should include consideration of the reason for the

delay and whether it was within the reasonable control of the movant. Id. at 395.

### D.    Defendant Will Suffer Prejudice if Plaintiff's Motion is Granted

Plaintiff alleges in his brief that no prejudice would result from this extension of

time and that Defendant is claiming no prejudice. Plaintiff is mistaken. Allowing further

discovery will prejudice Defendant in the following ways:

1.    The Defendant shut down its fast ferry service in 2002 and has laid off all

but two its employees. Thus, Defendant's ability to respond to the Request for

Admissions will be hindered not only due to the passage of time from the alleged

incident, which occurred in August 2000, but also because there may not be anyone who

can respond. Further, most company records have been archived.

2.    The Defendant investigated the alleged incident and has defended

Plaintiff's action on the basis of the discovery exchanged and conducted within the time

period agreed upon by the parties. It is prejudicial to require the Defendant to continue

the defense of the Plaintiff's action beyond the time within which the Defendant could

reasonably expect for this non-complex personal injury lawsuit to proceed through the

legal system. It is only the Plaintiff's lack of diligence in prosecuting his action which

brings this motion before the Court.

3.    The Plaintiff fails to identify any witness, fact or expert, which it belatedly

seeks to depose. As Plaintiff has the burden of proof in this lawsuit it appears

incomprehensible why Plaintiff failed to secure any deposition testimony within the

original deadlines. Taking depositions at this point, especially of fact witnesses, will be seriously impaired due to the fact that nearly four (4) years have passed since the alleged incident. Plaintiff could have taken these depositions nearly two (2) years ago but failed to do so. Recollections of the events in question have faded. Thus, it would be prejudicial to have witnesses speculate at depositions. Regardless, lack of prejudice to the non-moving party does not suffice as good cause shown by the moving party under the standard for an enlargement of time. See Deghand v. Wal-Mart Stores, Inc., 904 F.Supp. 1218, 1221 (D. Kan. 1995).

## CONCLUSION

Plaintiff has not identified any good cause to modify the discovery schedule set forth in the Report of Parties Planning Meeting. Plaintiff has made no showing that he will suffer prejudice should this motion be denied. Further, Plaintiff has not even attempted to show that his failure to seek the requested discovery was the result of excusable neglect.

Based upon all of the foregoing, Defendant requests that the Court deny the Plaintiff's Motion for an Enlargement of Time. Plaintiff has failed to offer any justification for the failure to take discovery within the 6 months allowed by the Court.

7

Dated: March 19, 2004
    Southport, Connecticut

Respectfully submitted,

The Defendant,
FOX NAVIGATION, LLC

By: _____
Kevin J. Lennon (CT FED # 20411)
TISDALE & LENNON, LLC
10 Spruce Street
Southport, CT 06890
(203) 254-8474
(203) 254-1641 (fax)
Klennon@Tisdale-Lennon.com

8

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing has been sent via facsimile and via first

class mail, postage prepaid, this 19th day of March, 2004, to the following counsel of record:

***Via Facsimile (860) 445-4539***
O' Brien, Shafner, Stuart, Kelley & Morris, P.C.
P.O. Drawer 929
Groton, CT 06340
Attn:  Matthew Shafner, Esq.

Kevin J. Lennon

9

Exhibit

1

731
plead.



FORM 26(f)
REPORT OF PARTIES' PLANNING MEETING

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL G. REAGAN,              :         CIVIL ACTION NO. 3:02 CV627(CFD)
Plaintiff,                      :
                                :
-against-                       :
                                :
FOX NAVIGATION, LLC,            :
Defendant                       :         MAY 17, 2002

Date Complaint Filed: April 9, 2002

Date Complaint Served: April 9, 2002

Date of Defendant's Appearance: April 12, 2002

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 38, a conference was held on May 9, 2002. The participants were:

Bonde Erik Johnson for plaintiff, Michael G. Reagan.

Kevin J. Lennon for defendant, Fox Navigation, LLC.

I.    Certification

Undersigned counsel certify that, after consultation with their clients, the have discussed the nature and basis of the parties' claims and defenses and any possibilities

for achieving a prompt settlement or other resolution of the case and, in consultation with their consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.    Jurisdiction

A.    Subject Matter Jurisdiction: Plaintiff's claim arises under the general maritime laws of the United States as this a case of admiralty and maritime jurisdiction to which the United States District Courts shall have original jurisdiction pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

B.    Personal Jurisdiction: Plaintiff is a citizen of the State of Connecticut.

Defendant is a limited liability company incorporated in the State of Delaware and authorized to do business in Connecticut with an office in Connecticut.

III.    Brief Description of the Case

A.    Claims of Plaintiff:

Plaintiff, a seaman, was injured while tossing a waterline to a fellow seaman on board "Sassacus".As a result of the fall plaintiff has undergone back surgery and is still treating for associated neurologic issues that plaintiff is totally disabled from employment at this time. Plaintiff claims economic and non-economic damages.

B.    Defenses and Claims of Defendants: Defendant asserts the following

defenses to the Plaintiff's Complaint:

(a)    Plaintiff's own contributory negligence;

(b)    Doctrine of comparative fault to reduce any damages award;

(c)    The risks, dangers and safety implications alleged by Plaintiff were open

and apparent to the Plaintiff who assumed the risk;

(d)    Vessel Owner's Limitation of Liability (United States Code Appendix

§§181-189.

(e)    Lack of personal jurisdiction over this Defendant;

(f)    Statute of limitations;

(g)    Failure to properly mitigate damages;

(h)    Offset of Worker's Compensation benefits received;

(i)    Third-party negligence; and

(j)    Plaintiff's failure to observe and follow applicable laws, rules, and

regulations regarding the mandatory use of protective equipment, safety

gear, and/or safety procedures.

IV.    Statement of Undisputed Facts:

Counsel certify that they have made a good faith attempt to determine whether

there are any material facts that are not in dispute. The parties state that the following

material facts are undisputed:

1.    Michael G. Reagan is a resident of Norwich, Connecticut.

2.    The incident alleged in the complaint occurred on August 3, 2000.

3.    Michael G. Reagan was a seaman and crew member of the Sassacus.

4.    The incident occurred near the State Pier on the Thames River in New

London, Connecticut.

V.    Case Management Plan

A.    The parties do not request a modification of the deadlines in the Standing

Order.

B.    The parties do not request a pre-trial conference with the Court before

entry of a scheduling order.

C.    1.    The parties certify that they have considered the desirability of

attempting to settle the case before undertaking significant discovery or

motion practice. Settlement is unlikely at this time but may be enhanced

by a settlement conference in late June or early July and after initial

discovery has been completed.

2.    The Parties do not request an early settlement conference.

3.     The Parties prefer a settlement conference with a Magistrate

Judge.

4.     The parties do not request ADR.

D.     1.     Plaintiff should be allowed until 06/09/02 to file motions to join

additional parties and until 06/09/02 to file motions to amend the

pleadings;

2.     Defendant should be allowed until 06/09/02 to file motions to join

additional parties until 06/09/02 to file a response to the complaint;

E.     1.     The parties anticipate that discovery will be needed on the following

subjects:

     (a)     Plaintiff's work history;

     (b)     Plaintiff's medical history;

     (c)     Plaintiff's medical treatment and prognosis;

     (d)     Plaintiff's damages (economic and non-economic);

     (e)     Facts surrounding accident;

     (f)     Conditions existing at time of accident;

     (g)     Ownership of the vessel;

     (h)     Vessel maintenance records.

2.    All discovery, including depositions of expert witnessescommenced by 05/09/02 and completed by 10/09/02;

3.    Discovery will not be conducted in phases;

4.    Not applicable;

5.    The parties anticipate that the Plaintiff will require 5 - 7 depositions; and that the Defendant will require 5 depositions. The depositions will commence by 06/09/02 and be completed by 10/09/02.

6.    Parties do not request permission to serve more than 25 interrogatories;

7.    Plaintiff's intend to call expert witnesses and will provide expert reports by 07/09/02 – depositions of Plaintiff's experts will be completed by 08/09/02;

8.    Defendant intends to call expert witnesses and will provide expert reports by 09/09/02 – depositions of Defendant's experts will be completed by 10/09/02;

9.    Plaintiff's damage analysis by 07/09/02 (as to economic damages);

F.    Dispositive motions will be filed on or before 11/09/02;

G.    Joint Trial Memo: As per Court order.

VI.    Trial Readiness

The case will be ready for Trial as per order of the Court.

Date:  5|17|02


                                           PLAINTIFF

                                    By_____
                                    Bonde Erik Johnson

                                           DEFENDANT
                                    By_____
                                    Kevin J. Lennon

## VI.    Trial Readiness

The case will be ready for Trial as per order of the Court.

Date: ___5/17/02___

PLAINTIFF

By _____
Bonde Erik Johnson

DEFENDANT

By _____
Kevin J. Lennon

LAW OFFICES · O'BRIEN, SHAFNER, STUART, KELLY & MORRIS, P.C.

P.O. DRAWER 929 · GROTON, CONNECTICUT 06340 · 860-445-2463 · FAX 860-445-4933 · JURIS NUMBER 43696