FILED

2005 MAR 29  A 11: 26

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------X
                                       :
MICHAEL REAGAN                         :
     Plaintiff                         :     C.A. NO. 3:02CV627(CFD)
                                       :
- vs -                                 :
                                       :
FOX NAVIGATION, LLC                    :
     Defendant                         :
---------------------------------------X     MARCH 28, 2005

### PLAINTIFF'S OBJECTION TO MOTION OF FOX NAVIGATION, LLC AND LIBERTY MUTUAL TO INTERVENE AND ITS MOTION TO ENFORCE SETTLEMENT

BACKGROUND

1.  On August 3, 2000, the Plaintiff was employed by the Defendant and Intervening Plaintiff, **FOX NAVIGATION, LLC**.

2.  While working on a barge in New London, the Plaintiff sustained injuries for which he filed a State workers' compensation claim against **FOX NAVIGATION, LLC** pursuant to the Workers' Compensation Act in the State of Connecticut.

3.  Plaintiff also filed suit against **FOX NAVIGATION, LLC** claiming damages under the Jones Act.

4.    As part of that proceeding, the Plaintiff and the Employer, through its insurance carrier, settled the claim on February 23, 2005 and a Stipulation for Dismissal was filed, signed by counsel for the Plaintiff and the Defendant Employer. This stipulation was approved by the court on or about March 7, 2005.

5.    On March 8, 2005, the Defendant Employer, **FOX NAVIGATION, LLC**, filed a Motion to Intervene as an Intervening Plaintiff, a Proposed Intervening Complaint, and a Motion to Enforce a Settlement.

<u>ARGUMENT</u>

The Putative Intervenor has no standing. The Motion to Intervene was filed not only after the Stipulation of Dismissal was entered into on behalf of the Employer (now putative Intervenor), but even after the Stipulation of Dismissal was approved and ordered by the court. Any attempt to intervene is late and should be dismissed. (This case has been pending for over 3 years).

Furthermore, the attempt to intervene is based on C.G.S. 31-293. The Motion to Intervene is without authority as this statute does not allow intervention by the employer. C.G.S. §31-293(a) provides in part:

> "...not withstanding the provisions of this subsection (**Liability of Third Persons to Employer and Employee**), when any injury for which compensation is payable under the provisions of this chapter has been

> sustained under circumstances creating in a person **other than an employer** who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury and the injured employee has received compensation for the injury from such employer, its workers' compensation carrier...the employer, insurance carrier... shall have a lien upon any judgment received by the employee against the party or any settlement received by the employee from the party, ..." (Emphasis supplied)

As the proposed intervenor's papers acknowledge, the intervenor is the employer who is excluded from the lien provisions of §31-293. The movant is attempting to intervene so as to sue itself. See <u>Szilagyi v. The University Club</u> 1996 WL 278354 (Conn. Super., Arena, J.); <u>Vitale v. Ravizza Brothers</u> 2000 WL 33115590 (Conn. Super., Shapiro, J.); CF <u>Petrozzi v. Ensign-Bickford</u> 2000 WL 1339539 (Conn. Super., Booth, J.). Thus, the proposed intervention is not only late, but unauthorized under the Workers' Compensation Act by which it now belatedly attempts to intervene. The Motion to Intervene should be denied.

The proposed intervening Plaintiff has also filed a Motion To Enforce Settlement. In its own allegations, it admits that it was not a party to the settlement except in so far as the liability carrier for the Employer under the Jones Act settled the case on behalf of the Employer without any provisions for reimbursement of the Employer or its workers compensation carrier. The settlement has been executed by the Employer. What is

there left to enforce?

The motions of this Employer should be denied.

THE PLAINTIFF

By: _____
Matthew Shafner, (CT 06610)
O'Brien, Shafner, Stuart, Kelly & Morris
475 Bridge Street
P.O. Drawer 929
Groton, CT. 06340
Phone: (860)445-2463
Fax: (860)445-4539
Email:osskmms@snet.net

## CERTIFICATION

I hereby certify that a copy of the foregoing **PLAINTIFF'S OBJECTION TO MOTION OF FOX NAVIGATION, LLC AND LIBERTY MUTUAL TO INTERVENE AND ITS MOTION TO ENFORCE SETTLEMENT** was mailed this 28th day of March, 2005 to the following:

Attorney Kevin Lennon
Tisdale & Lennon, LLC
10 Spruce Street
Southport, CT. 06490

Attorney William Shea
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT. 06033

_____
Matthew Shafner
O'Brien, Shafner, Stuart, Kelly & Morris, P.C.
475 Bridge Street
P.O. Drawer 929
Groton, CT. 06340
Phone: (860)445-2463
Fax: (860)445-4539
Email: osskmms@snet.net

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED
2005 MAR 29 A 11: 26
DISTRICT COURT
HARTFORD CT

――――――――――――――――――――X
:
MICHAEL REAGAN                            :
    Plaintiff                              :    C.A. NO. 3:02CV627(CFD)
:
- vs -                                    :
:
:
FOX NAVIGATION, LLC                       :
    Defendant                              :
――――――――――――――――――――X    MARCH 28, 2005

    Please take notice that Plaintiff, Michael Reagan has manually filed the following document or thing

    PLAINTIFF'S OBJECTION TO MOTION OF FOX NAVIGATION, LLC AND LIBERTY MUTUAL TO INTERVENE AN DITS MOTION TO ENFORCE SETTLEMENT

This document has not been filed electronically because the document or thing cannot be converted to an electronic format.

The document or thing has been manually served on all parties.

    Respectfully submitted,

    _____
    Matthew Shafner
    O'Brien, Shafner, Stuart, Kelly & Morris, PC
    475 Bridge Street
    P.O. Drawer 929
    Groton, CT. 06340
    Phone: (860)445-2463
    Fax: (860)445-4539
    Email: osskmms@snet.net