UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------X
MICHAEL G. REAGAN,                          :

       Plaintiff,                              :   C.A. No. 3:02 CV 627 (CFD)

  -against-                                       :

FOX NAVIGATION, LLC,                        :

       Defendant.                              :
---------------------------------------------------X

## FOX NAVIGATION, LLC's OBJECTION TO MOTION TO INTERVENE

Defendant, FOX NAVIGATION, LLC, (hereinafter referred to as "FOX"), by and through its undersigned attorneys, Tisdale & Lennon, LLC, hereby objects to the Motion to Intervene.

    1.    FOX refers to the Plaintiff's Objection dated March 28, 2005 and adopts the Plaintiff's arguments raised in opposition to the Motion to Intervene filed by Liberty Mutual Insurance as workers' compensation carrier for Fox Navigation, LLC

    2.    Because the Stipulation of Discontinuance pursuant to Fed. R. Civ. P. 41(a)(1)(ii) was approved and so entered by the Court on March 7, 2005 (see copy attached hereto as Exhibit A) there is no litigation pending in which the Motion to Intervene filed on March 8, 2005 may be considered.  See *GMAC Commercial Mortgage Corp. v. LaSalle Bank Nat'l Assoc.*, 2003 U.S. Dist. LEXIS 5515 (S.D.N.Y. 2003) (copy attached hereto as Exhibit B).

    3.    Upon information and belief, plaintiff's counsel provided Liberty Mutual Insurance, or its agent, with a copy of both the Summons and Complaint filed in the Superior Court action and the removal papers filed in this court.  Defendant contends that providing a copy of the Summons and Complaint to Liberty Mutual, or its agent, was sufficient notification

as is required under Connecticut General Statute § 31-293.

4. Upon information and belief, defendant contends that Liberty Mutual Insurance, or its agent, was provided with both a copy of both the Summons and Complaint filed in the Superior Court action and the removal papers filed in this court more than thirty (30) days prior to March 8, 2005 when the subject Motion to Intervene was filed.

5. Clearly, Liberty Mutual Insurance received notification and defendant contends that such notification was sufficient under Connecticut General Statute § 31-293. Liberty Mutual Insurance, having failed to intervene in this action within thirty (30) days following receipt of notification, as is strictly required to preserve the statutory cause of action created by Connecticut General Statute § 31-293, is now prohibited from intervening.

6. Based on the foregoing the defendant respectfully request that the Court deny Liberty Mutual Insurance's Motion to Intervene.

Dated: Southport, CT
March 29, 2005

<div style="margin-left: 50%;">
TISDALE & LENNON, LLC
Attorneys for Defendant
FOX NAVIGATION, LLC

By: /s/ Kevin J. Lennon
Kevin J. Lennon (KL – 5072)


10 Spruce Street
Southport, CT 06490
Tel: (203) 254-8474
Fax: (203) 254-1641
Our file: 02-65-0731
</div>

## AFFIRMATION OF SERVICE

Kevin J. Lennon, an attorney duly admitted to practice before this Honorable Court, affirms as follows: On this 29th day of March 2005, I served a copy of the foregoing via U.S. Postal Service, First Class postage prepaid, upon the following:

Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033
Attn: William Shea, Esq.

O' Brien, Shafner, Stuart, Kelley & Morris, P.C.
475 Bridge Street
P.O. Drawer 929
Groton, CT 06340
Attn: Matthew Shafner, Esq.

_Kevin J. Lennon_
Kevin J. Lennon

A

Case 3:02-cv-00627-CFD   Document 51   Filed 04/01/2005   Page 4 of 9

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------X
MICHAEL G. REAGAN,

    Plaintiff,

-against-

FOX NAVIGATION, LLC,

    Defendant.
-----------------------------------------X

NO. 3:02 CV 627 (CFD)

**STIPULATION OF DISCONTINUANCE**

A settlement agreement having been reached, and settlement funds and a Release having been exchanged by and between the respective parties, it is hereby stipulated and agreed that this action is discontinued as to all parties with prejudice but without costs as to any party.

It is further stipulated and agreed that this action will be restored to the active docket of this Court upon letter application of plaintiff's counsel if the settlement funds are not paid within sixty (60) days after the Release is provided to the defendant's attorneys.

The Plaintiff,
MICHAEL G. REAGAN

By: _____
MATTHEW SHAFNER
Federal Bar# CT 06610

O'BRIEN, SHAFNER, STUART
  KELLY & MORRIS, P.C.
475 Bridge Street
P.O. Drawer 929
Groton, CT 06430
(860) 445-2463
(860) 445-4539 (fax)
MattShafner@obrienshafner.com

The Defendant,
FOX NAVIGATION, LLC

By: _____
KEVIN J. LENNON
Federal Bar# CT 20411

TISDALE & LENNON, LLC
10 Spruce Street
Southport, CT 06490
(203) 254-8474
(203) 254-1641 (fax)
Klennon@Tisdale-Lennon.com

Approved and so ordered.
/s/ CFD 3/7/05

B

Service: **Get by LEXSEE®**
Citation: **213 F.R.D. 150**

*213 F.R.D. 150, \*; 2003 U.S. Dist. LEXIS 5515, \*\**

GMAC COMMERCIAL MORTGAGE CORPORATION, Plaintiff, - against - LASALLE BANK NATIONAL ASSOCIATION, Defendants.

02 Civ. 9614 (RMB)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

213 F.R.D. 150; 2003 U.S. Dist. LEXIS 5515

March 4, 2003, Decided

**PRIOR HISTORY:** GMAC Commer. Mortg. Corp. v. Lasalle Bank Nat'l Ass'n, 242 F. Supp. 2d 279, 2002 U.S. Dist. LEXIS 26214 (S.D.N.Y., 2002)

**DISPOSITION:** Defendant ORIX's application to vacate stipulation of dismissal denied.

### CASE SUMMARY

**PROCEDURAL POSTURE:** In a civil suit, one of the defendants, a limited liability company, applied to the court, by letter, to vacate the parties' stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(ii).

**OVERVIEW:** Pursuant to Rule 41(a)(1)(ii), the parties had stipulated to dismissal of the civil suit. The limited liability company sought an order vacating that dismissal. For two reasons, the court declined to issue such an order. First, there was no live controversy pending because the stipulation of dismissal was effectively immediately upon filing. Second, pursuant to the stipulation, the dismissal was without prejudice.

**OUTCOME:** The court denied the motion.

**CORE TERMS:** motion to intervene, respectfully, counterclaims, intervenors, effective

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Civil Procedure > Justiciability > Case or Controversy
Civil Procedure > Dismissal of Actions > Voluntary Dismissal
**HN1** Because a stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(ii) is effective immediately upon filing, without any action by the court, there is no justiciable action pending after the stipulation has been filed. More Like This Headnote

Civil Procedure > Justiciability > Mootness
Civil Procedure > Dismissal of Actions > Voluntary Dismissal
**HN2** Voluntary dismissal of an action moots all pending motions. More Like This Headnote

**COUNSEL:** [\*\*1] For GMAC Commercial Mortgage Corporation, PLAINTIFF: H Peter Haveles, Jr, Cadwalader, Wichersham & Taft, New York, NY USA.

For Lasalle Bank National Association, DEFENDANT: Roy L Reardon, Simpson Thacher & Bartlett, Eric H Lindenman, Harris, Beach, LLP, New York, NY USA.

For Lasalle Bank National Association, DEFENDANT: Allen E Molnar, Harris Beach LLP, Newark, NJ USA.

For Orix Capital Markets, DEFENDANT: Kenneth S Yudell, Aronauer, Goldfarb, Sills & Re, LLP, New York, NY USA.

**JUDGES:** RICHARD M. BERMAN, U.S.D.J.

**OPINIONBY:** RICHARD M. BERMAN

**OPINION:** [*150] ORDER

The application by ORIX Capital Markets, LLC ("ORIX"), as set forth in Mr. Yudell's letter, dated February 27, 2003, for the Court, inter alia, to vacate the parties' stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), dated February 27, 2003, is respectfully denied for two principal reasons:

First, there is no "case or controversy" pending in light of the dismissal. See Mut. Produce, Inc. v. Penn Cent. Transp. Co., 119 F.R.D. 619, 620-21 (D. Mass. 1988)(denying motion to intervene because HN1 stipulation of dismissal under Rule 41(a)(1)(ii) was effective immediately upon [**2] filing, without any action by the court; there was no justiciable action pending in which to intervene); 8 James Wm. Moore et al., Moore's Federal Practice § 41.34[4][b], at 41-113 (3d ed. 2000)("A stipulation [under Fed. R. Civ. P. 41(a)(1)(ii)] filed during the pendency of a motion to intervene is effective to dismiss the action, since the proposed intervenors do not become parties within the meaning of the Rule until their motion is granted."); accord Hester Indus., [*151] Inc. v. Tyson Foods, Inc., 160 F.3d 911, 916 (2d Cir. 1998)(adopting cases that hold that dismissal under Rule 41(a)(1)(ii) is effective automatically and does not require judicial approval); Steiner v. Atochem, S.A., 2002 U.S. Dist. LEXIS 14848, 89 CIV. 7990, 2002 WL 1870322, at *4 (S.D.N.Y. Aug. 13, 2002)(citing cases that hold that HN2 voluntary dismissal moots all pending motions); Fed. R. Civ. P. 41(a)(1)(ii)("An action may be dismissed by the plaintiff without order of court by filing a stipulation of dismissal signed by all parties who have appeared in the action.").

Second, there is no prejudice to ORIX resulting from the dismissal. See Letter from Counsel for Defendant LaSalle Bank, National [**3] Association to U.S.D.C. for the S.D.N.Y., dated Mar. 3, 2003, at 1 ("The Stipulation of Dismissal signed by GMACCM and LaSalle, the only parties to the pending action, has no effect and was intended to have no effect in terms of prejudicing any individual rights ORIX may have as an investor, including those alleged in the counterclaims of ORIX against GMACCM."); Letter from Counsel for Plaintiff GMAC Commercial Mortgage Corp. to U.S.D.C. for the S.D.N.Y., dated Mar. 3, 2003, at 2 ("The Stipulation between the parties does not prejudice ORIX and does not affect ORIX's ability to pursue any alleged claims that it purports to have against GMACCM ... The dismissal of the action ... does not address ORIX's proposed counterclaims, and ORIX is therefore not impaired."); see also Alternative Research & Dev. Found. v. Veneman, 347 U.S. App. D.C. 296, 262 F.3d 406, 411 (D.C. Cir. 2001)(holding that stipulated dismissal did not impair proposed intervenor's rights).

**Order**

For the foregoing reasons, the clerk is respectfully requested to close this case.

Dated: March 4, 2003

**RICHARD M. BERMAN, U.S.D.J.**

Service: **Get by LEXSEE®**
Citation: **213 F.R.D. 150**
View: Full
Date/Time: Monday, January 24, 2005 - 10:48 AM EST

\* Signal Legend:

- ● - Warning: Negative treatment is indicated
- ▲ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- Ⓘ - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.