UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL G. REAGAN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Civil Action No.<br>:   3:02 CV 627 (CFD) |
| FOX NAVIGATION, LLC.<br>    Defendant. | :<br>: |

## RULING

The plaintiff, Michael Reagan, sustained injuries while working on barge owned and operated by his employer, Fox Navigation, LLC ("Fox Navigation"). Reagan brought a claim under the Connecticut's Workers' Compensation Act, Conn. Gen. Stat. § 31-290a, against Fox Navigation. As a result, Reagan received workers' compensation benefits from Fox Navigation's workers' compensation insurance carrier, Liberty Mutual Insurance Company ("Liberty Mutual").

Reagan then brought this action against Fox Navigation, claiming damages under The Jones Act, 46 U.S.C.App. § 688.[1] On March 7, 2005, the parties filed a stipulation of voluntary dismissal, which was signed by both Reagan and Fox Navigation. See Fed. R. Civ. P. 41(a)(1)(ii). On that same day, this Court entered an endorsement approving the dismissal. On March 8, 2005, Liberty Mutual filed a motion to intervene and a motion to enforce the settlement agreement. Reagan and Fox Navigation have filed memoranda in opposition to Liberty Mutual's motions. For the following reasons, the motion to intervene **[Doc. # 48]** and the motion to enforce the settlement agreement **[Doc. # 49]** are **DENIED**.

**I.      Motion to Intervene**

---

[1] The action originally was brought in the Superior Court of Connecticut, and it subsequently was removed to this Court by Fox Navigation.

Liberty Mutual seeks to intervene pursuant to Conn. Gen. Stat. § 31-293, which addresses actions against third parties by employees or employers under the Connecticut Workers' Compensation Act. Both Reagan and Fox Navigation challenge Liberty Mutual's ability to intervene under that statute. Before addressing that issue, however, this Court must first address Fox Navigation's claim that, pursuant to the Rule 41 voluntary dismissal, there is no pending litigation in which Liberty Mutual could intervene.

Rule 41(a)(1)(ii) provides in pertinent part that "an action may be dismissed by the plaintiff without order of court . . . by filing a stipulation of dismissal signed by all parties who have appeared in the action." Such a stipulation immediately terminates the case, and does not require any judicial approval. See, e.g., Hester Indus., Inc. v. Tyson Foods, Inc., 160 F.3d 911, 916 (2d Cir. 1998) (citing cases that hold that dismissal under Rule 41(a)(1)(ii) is effective automatically and does not require judicial approval); see also Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984) ("Caselaw concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval"); Bonifield v. County of Nevada, 114 Cal.Rptr.2d 207, 210, 94 Cal.App.4th 298, 303 (Cal.App.3d 2001) (citing Hester Indus. for proposition that a Rule 41(a)(1)(ii) "dismissal is effective upon the filing of the stipulation without further judicial action"). Consequently, courts have ruled that once the parties have filed a Rule 41(a)(1)(ii) stipulation of dismissal, there is no longer a pending case or controversy into which a non-party may intervene. See GMAC Commerical Mortgage Corp. v. LaSalle Bank National Ass'n, 213 F.R.D. 150, 150-51 (S.D.N.Y. 2003) (denying motion to intervene because "there is no 'case or controversy' pending in light of the [Rule 41(a)(1)(ii)] dismissal"); Mut. Produce, Inc. v. Penn

Cent. Transp. Co., 119 F.R.D. 619, 620-21 (D.Mass. 1988) ("Because the stipulations of dismissal were effective when filed, there is no action in which to intervene and the motions to intervene are moot"); see also Nance v. Jackson, 56 F.R.D. 463, 471 (M.D.Ala. 1972) (denying a motion to intervene on the ground that, inter alia, after the Rule 41(a)(2) dismissal was entered, "there is no justiciable action pending in which to intervene").

Here, the parties voluntarily settled Reagan's action and filed a Rule 41(a)(1)(ii) stipulation of dismissal on March 7, 2005. Reagan's action, therefore, was dismissed at that time, without further order of the Court.[2] Liberty Mutual's motion to intervene was docketed on March 8, 2005. Consequently, because there is no case or controversy before this Court, Liberty Mutual's motion to intervene **[Doc. # 48]** is **DENIED**.[3]

## II      Motion to Enforce the Settlement Agreement

The settlement agreement entered into by the Reagan and Fox Navigation has not been made a part of the record in this action. To the contrary, the parties merely filed a one page stipulation of dismissal that referenced the settlement agreement. In support of its motion,

---

[2] The effectiveness of the stipulation of dismissal is unchanged by the fact that this Court approved that stipulation by endorsement on March 7, 2005. See Hester Indus., 160 F.3d at 916 ("The judge's signature on the stipulation did not change the nature of the dismissal" from a Rule 41(a)(1)(ii) dismissal to a Rule 41(a)(2) dismissal). Moreover, it is uncontested that this Court's endorsement was entered before Liberty Mutual filed the instant motions.

[3] Even if there was a pending case or controversy in which Liberty Mutual could intervene, it appears that it may not intervene pursuant to Conn. Gen. Stat. § 31-293(a) because there is no third-party liable for Reagan's injuries. See, e.g., Vitale v. Ravizza Brothers, 2000 WL 33115590 at * 2 (Conn. Super. Ct., Dec. 18, 2000) (citing cases in support of proposition that employer intervention under § 31-293(a) is dependent upon the presence of a third party). In addition, even if Liberty Mutual did have a right to intervene under Section 31-293(a), it appears that it failed to do so within the thirty-day period required by that statute. See Libby v. Goodwin Pontiac-GMC Truck, Inc., 241 Conn. 170, 177-78, 695 A.2d 1036 (1997) (noting that employers must strictly comply with the timeliness requirements of § 31-293(a))

however, Liberty Mutual has provided the Court with a copy of that agreement, and seeks enforcement of its provisions.  There is no indication in the parties' Rule 41(a)(1)(ii) stipulation of dismissal that the parties intended for this Court to retain jurisdiction over the settlement agreement in order to ensure compliance with the conditions set forth therein.  See Hester Indus., 160 F.3d at 916 (district court lacked basis for a contempt finding because the parties' Rule 41(a)(1)(ii) dismissal did not clearly communicate an intention for the district court to retain jurisdiction over the enforcement of the separate settlement agreement).  Consequently, even if Liberty Mutual were a party to the settlement agreement (which it is not), this Court is without jurisdiction to enforce that agreement, through reopening the underlying action, and Liberty Mutual's motion to enforce the settlement agreement **[Doc. # 49]** is **DENIED**.[4]

SO ORDERED this __17th__ day of August 2005, at Hartford, Connecticut.

          /s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

---

[4]The stipulation of dismissal did provide that the case could be reopened within sixty days *by the plaintiff* if the settlement funds were not paid in that time period.  However, that did not operate to keep the action open or to convert the dismissal to one under Fed. R. Civ. P. 41(a)(2).